UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEILEN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 07-3825 |
| AMERICAN POLLUTION CONTROL CORPORATION | SECTION "N"  (2) |

## ORDER AND REASONS

Before the Court is the Motion for Leave to Designate Experts (Rec. Doc. 35), filed by Plaintiff Keilen Williams ("Williams"). This motion is opposed by Defendant American Pollution Control Corporation ("APCC"). For the reasons stated herein, this motion is denied.

**I.  BACKGROUND**

Williams' current attorneys were granted leave to enroll on behalf of Williams on June 19, 2008 (Rec. Doc. 25). On July 16, 2008, Williams filed a Motion to Continue Trial, which was opposed by APCC. That motion to continue was denied by the undersigned on July 22, 2008. In that Order and Reasons, the undersigned specifically stated:

> Williams cannot terminate former counsel, wait three months to retain new counsel, all the while ignoring important case deadlines, and then expect the be given new deadlines and a new trial date. The undersigned does not allow parties to get "a second bite at the apple" by terminating counsel, retaining new counsel, and then obtaining new deadlines by which to abide. **That being said, Plaintiff may seek leave of court to take out-of-time discovery on and individualized, specific basis.** However, the trial date of September 15, 2008 will not be continued.

(Rec. Doc. 32, emphasis added). However, Williams did not immediately seek leave of Court "to take out-of-time discovery on and individualized, specific basis." (*Id.*) Instead, Williams waited

until approximately three weeks before the September 15, 2008 trial date to file the instant Motion for Leave to Designate Experts (Rec. Doc. 35), wherein he seeks leave to designate an economist expert and a treating physician expert.

## II.     ANALYSIS

In opposition to Williams' motion, APCC notes that William should not be allowed a "third bite at the apple" to identify experts untimely.  APCC also notes that in the two months after Williams' third set of attorneys enrolled on his behalf, no discovery was requested, no witness or exhibit lists were filed, no expert report was produced, and the only substantive action taken by Williams was to attend a failed settlement conference with the Magistrate Judge. APCC contends that this is not a situation in which an expert report was produced a few days late or a witness/exhibit list deadline was missed by a few days or even a week. According to APCC, to date, no written reports of experts have been submitted.

The Court concludes that Williams' Motion for Leave to Designate Experts should be denied.  In the previously-issued Order and Reasons, the undersigned explained that parties may not obtain "a second bite at the apple" by terminating counsel, retaining new counsel, and then obtaining new deadlines by which to abide. The Order did, however, indicate that the undersigned would be willing to entertain a motion by Plaintiff seeking leave of court "to take out-of-time discovery on and individualized, specific basis." (Rec. Doc. 32).

However, Williams has waited nearly one full month to file the instant Motion for Leave to Designate Experts.  The Court notes that Williams' original expert reporting deadline was May 7, 2008, and the trial of this matter is scheduled to begin on September 15, 2008. (Rec. Doc. 6).

Plaintiff's original deadline to file witness and exhibit lists was June 6, 2008; however, Williams waited until August 25, 2008 to file these. This untimely filing was nearly three months after the original deadline, more than one month after Williams' motion to continue trial was denied, and more than two months after Williams' current counsel enrolled in this case!

The Court agrees with APCC that this is not a situation in which an expert report was produced a few days late or a witness/exhibit list deadline was missed by a few days or even a week. Important trial preparation deadlines have been completely ignored. Plaintiff will not now be allowed, on the eve of trial, to designate witnesses, exhibits, and experts that should have been designated months ago. When this Court sets deadlines, it expects the parties to abide by them; it does not tolerate parties who simply ignore deadlines and make filings when it is *finally* convenient for them to do so.

### III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Motion for Leave to Designate Experts (Rec. Doc. 35) is **DENIED**.

New Orleans, Louisiana, this 28th day of August, 2008.

                                          **KURT D. ENGELHARDT**
                                          **UNITED STATES DISTRICT JUDGE**